[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR HEARING AND ORAL ARGUMENT(#110.00)
This case first came to this court on Motion #105 which was a motion to open and/or vacate foreign judgment under Connecticut General Statutes § 52a-34. The court heard this motion and denied the motion on May 16, 1996.
On July 5, 1996, a motion for rehearing and for oral argument was filed which was Motion #110, this is the instant motion. The court on review of that motion granted on December 6, 1996, the oral reargument and scheduled it for a hearing thereafter.
This matter then came to this court on the motion to reargue and oral argument was held. Thereafter, the case was extended when one of the participants was unable to timely file the briefs after the argument was concluded.
On June 22, 1993, the plaintiff filed a foreign judgment from the state of Texas under § 52-604, the Uniform Enforcement of Foreign Judgment Statute. They alleged that the judgment was not obtained by: (1) default in appearance, or (2) by confession of judgment.
The dispute in this case centers on the first element. The defendants argue that although they appeared, the Texas Court granted a motion to strike the pleadings of the defendants. This came about as a sanction for failure to file a witness and exhibits list in accordance with a pretrial scheduling order. The net result the defendants claim was that the defendants were defaulted and the trial court entered a finding of liability on all counts and proceeded to a hearing in damages. Judgment was rendered against the defendants for over two million dollars.
The defendants appealed to the Texas Appellate Court which denied the appeal. Petition for rehearing was also unsuccessful. A writ of cert was filed with the Texas Supreme Court, but the Texas Supreme Court refused to hear the appeal.
The underlying claim of the defendant is that they were treated unfairly as foreigners in Texas, all as set forth in their claims. They claim the comments made by the Texas Court CT Page 6650 substantiated this. The proverbial "hometown decision" was what they claim they received. They did not get a fair trial.
Assuming all of that was true, does this court have the power to vacate the judgment? This court thinks not. No case has been cited on all four's by the defendants.
The plain language of § 52-604 is default of appearance. Statutes in derogation of the common law are to be strictly construed. The defendants appeared, contested the action and at trial they were sanctioned (defaulted). In this court's opinion, this was not a default of appearance. The Texas case had appellate review and still stands. This court finds it is without power to vacate this judgment.
Accordingly, the motion to rehear this matter and reopen or vacate the judgment is denied.
KARAZIN, J.